UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>RAMON AVALOS-MORENO,<br><br>            Defendant. | Case No.: 3:23-CR-1195-CAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR BOND RECONSIDERATION**<br><br>**[ECF No. 20]** |

Before the Court is Defendant's Motion for Bond Reconsideration. ECF No. 20. At Defendant Ramon Avalos-Moreno's ("Defendant") initial appearance on May 26, 2023, the Government moved to detain him based on a serious risk of flight. ECF No. 6. After a hearing that day, the Court granted the Government's motion. ECF No. 9. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. *Id.* Based on this finding, the Court ordered that Defendant be detained. The Court found that the following factors supported an order of detention: the nature and circumstances of the offense; Defendant's criminal history; past violations of probation, parole, or supervised release; Defendant is subject to removal or deportation after serving any period of incarceration; a history of alcohol or substance abuse; and the weight of the evidence against the Defendant is strong (although the least important factor). *Id.*

Defendant now seeks reconsideration of the Court's detention order, and requests that the Court set pretrial release conditions including a personal appearance bond secured by the signature of Defendant's daughter. Defendant argues that conditions of pretrial release should be set because he has strong family ties in the United States, and he will be sufficiently deterred from fleeing if his daughter serves as a surety. Defendant's wife and four adult children live in Southern California. Defendant also argues that his current charge is for a nonviolent offense.

The Government opposes the motion. The Government argues that Defendant has not presented any new facts that warrant reconsideration of detention. The Government also contends that his criminal history demonstrates a serious flight risk, particularly his twelve previous deportations.

The Court finds that this matter is suitable for determination without a hearing. *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention).

The Court is not persuaded that the additional facts presented by Defendant regarding his family ties warrant reconsideration of the Court's prior detention order. Although the Court respects and appreciates that Defendant's daughter is willing to support him on pretrial release, that does not mitigate the Court's concerns regarding the serious risk of flight that arises from the nature and circumstances of the instant offense and arrest, and Defendant's lengthy criminal history. Defendant's most recent conviction for a drug-related offense was just four years ago; he appears to have been on probation when the instant arrest occurred; and he has a prior conviction for contempt of court, and several other convictions of concern. In short, the Court sees no evidence that Defendant does not continue to present a serious risk of flight.

///

///

///

Therefore, the Court **DENIES** Defendant's motion to reconsider the Court's order of detention.

**IT IS SO ORDERED.**

Dated: August 15, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge